UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORRY A. W.<br><br>            Plaintiff,<br><br>      vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant.<br>_____ | No. 1:19-CV-03082-LRS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT** |

**BEFORE THE COURT** is Defendant's Motion To Alter Or Amend Judgment Under Rule 59(e). (ECF No. 19). This motion is heard without oral argument.[1]

## BACKGROUND

On October 24, 2019, this court entered an order granting Plaintiff's Motion For Summary Judgment and awarding her Title II disability insurance benefits for a closed period from September 1, 2015 to July 4, 2017. (ECF No. 17). Judgment was entered in favor of Plaintiff. (ECF No. 18).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."

_____

[1] The Commissioner has apparently opted not to file a reply to Plaintiff's

response within the time afforded by the court's Local Rules.

**ORDER DENYING MOTION TO**

**ALTER OR AMEND JUDGMENT-          1**

1   *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th
2   Cir. 2009).

3          Defendant asserts the court made clear errors of law in concluding the ALJ
4   failed to provide sufficient reasons for rejecting two other-source medical opinions;
5   in concluding the ALJ failed to provide clear and convincing reasons for discounting
6   Plaintiff's subjective complaints; and in awarding benefits to Plaintiff instead of
7   remanding for additional administrative proceedings.

8

9                                    **DISCUSSION**
10  **OTHER-SOURCE OPINIONS**

11         This court found the ALJ did not provide germane reasons for discounting the
12  other-source opinion of PA-C Turner in favor of the opinions of non-examining state
13  agency evaluators who are "acceptable medical sources."  Furthermore, this court
14  found the ALJ did not provide germane reasons for discounting the other-source
15  opinion of mental health therapist, Suzanne Damstedt, in favor of the opinion of
16  consultative psychiatric examiner,  Kirsten Nestler, M.D., an "acceptable medical
17  source."  The court stands by the reasoning contained in its order and rejects the
18  assertion it committed a clear error of law.

19         This court did not find that a consultative examiner's opinion of a claimant's
20  limitations can never be a "germane" reason for rejecting an other-source opinion.
21  It found only that Dr. Nestler's opinion did not constitute a germane reason for
22  rejecting Ms. Damstedt's opinion in this particular case for the reasons enunciated in
23  the court's order.  As this court explained:

24              What the ALJ overlooked . . . was that Damstedt was obviously
                basing her opinion on months of therapy sessions with Plaintiff
25              and that opinion was  corroborated by months of medication
                management sessions at CWCMH.  It was also corroborated by
26              Turner's treatment of Plaintiff for anxiety and panic attacks . . . .
                Accordingly, the ALJ's reliance on Dr. Nestler's opinion based on
27              a one time examination, **uncorroborated by anything else in the
                record**, cannot constitute a "germane" reason for rejecting the
28

**ORDER DENYING MOTION TO**
**ALTER OR AMEND JUDGMENT-          2**

opinion of Damstedt.

(ECF No. 17 at p. 12)(Emphasis added).

Dr. Nestler's opinion did not reveal anything regarding her "familiarity with the record," 20 C.F.R. §404.1527(c), that supported her opinion. Indeed, as the court observed in a footnote, Dr. Nestler arguably concluded Plaintiff did not even suffer from a "severe" mental impairment and if so, this was at odds with the ALJ's finding that Plaintiff's anxiety was "severe." *Id*. at n. 4. It is not a germane reason to reject the opinion of an other-source merely because an "acceptable medical source" has offered an opinion to the contrary.[2]

This court rejected the ALJ's finding that there was no support or explanation provided for PA-C Turner's opinion regarding the extent of Plaintiff's physical limitations. (ECF No. 17 at p. 9). This court wrote:

> There was . . . plenty of support for Turner's opinion from her own treatment notes . . . in addition to the treatment notes from the [Water's Edge] pain clinic. According to the ALJ, the record showed that Plaintiff "was doing well with controlled symptoms" and that she "returned to working in childcare within a few months of this evaluation, caring for two-year olds, which exceeds [her] less than sedentary restrictions." The record which the ALJ cites in support of his assertion that Plaintiff "was doing well with controlled symptoms" pertains to Plaintiff's anxiety symptoms . . . and indeed, one of the reports . . . is from November 2017,

---

[2] *Britton v. Colvin*, 787 F.3d 1011 (9th Cir. 2015), cited by Defendant, certainly does not stand for such a proposition. There, the Ninth Circuit found the ALJ justifiably discounted the opinion of a nurse practitioner regarding the claimant's exertional capacity, not only because a doctor, "an acceptable medical source," testified to the contrary, but also because of the claimant's daily activities, such as home schooling her children. *Id*. at 1013.

**ORDER DENYING MOTION TO**

**ALTER OR AMEND JUDGMENT-**      **3**

several months after the claimed closed period of disability. Furthermore, it was actually six months from Turner's January 2017 evaluation when Plaintiff returned to work full-time in childcare. Moreover, without knowing the physical demands of that job as actually performed, it is unclear whether it exceeded the physical restrictions opined by Turner in January 2017.

(*Id.*).

While conceding the ALJ "could have better explained his reasoning," the Defendant contends "a reasonable mind could accept that Plaintiff's child care activities- which included working two or three days a week caring for children at a child care center- contradicted the extreme opinions of Ms. Turner that Plaintiff could not perform even sedentary work." As noted by the ALJ, in April 2017, Plaintiff obtained a part-time work at a child-care center, and in May 2017, she was working two to three days as a substitute there. (AR at p. 18).

In the absence of evidence establishing the physical demands of this part-time work as performed by Plaintiff, it is not reasonable to assume performance of this work was inconsistent with the physical limitations opined by PA-C Turner in January 2017. Furthermore, Turner indicated in her evaluation that if Plaintiff attempted to work a 40 hour week, she would miss on average two days a week. That is consistent with the part-time work Plaintiff commenced in May 2017, but does not necessarily mean Plaintiff was then capable of performing substantial gainful activity consistent with the physical limitations opined by Turner.[3]

---

[3] For claims filed on or after March 27, 2017, physician assistants are now considered "acceptable medical sources." 82 Fed. Reg. 5844 (Jan. 18, 2017). And so, under the current rules, PA-C Turner would be considered an "acceptable medical source" just like the non-examining state agency evaluators whose

**ORDER DENYING MOTION TO**

**ALTER OR AMEND JUDGMENT-          4**

1    Defendant contends that at least a remand was in order for additional

2  proceedings to establish the physical demands of the part-time work undertaken by

3  Plaintiff in May 2017.   Plaintiff's limitations, however, were not merely physical.

4  She had "severe" mental limitations caused by her anxiety.   In January 2017, therapist

5  Damstedt opined that Plaintiff would miss on average four or more days because of

6  her anxiety (a condition which Turner also treated).   As discussed above, the ALJ did

7  not offer a germane reason for rejecting Damstedt's opinion in favor of Dr. Nestler's

8  opinion.

9

10  **SYMPTOM TESTIMONY**

11    Contrary to the Defendant's assertion, this court did not declare as a matter of

12  law that improvement with medication cannot be a clear and convincing reason for

13  discounting a claimant's symptom testimony.   Instead, this court acknowledged that,

14  as pointed out by the ALJ in his decision, Plaintiff's condition continued to improve,

15  ultimately resulting in her ability to return full-time work, but concluded this was "not

16  a clear and convincing reason to reject Plaintiff's testimony that she was as limited

17  as asserted by her and PA-C Turner and therapist Damstedt during the closed period

18  at issue."   (ECF No. 17 at p. 13).   Plaintiff's improvement was not a "clear and

19  convincing reason" under the facts of this particular case to discount her testimony

20  that the severity of her limitations was such that she could not engage in substantial

21  gainful activity during the closed period alleged by her.   Instead, it was consistent

22  _____

23  opinions the ALJ gave greater weight.  New rules clarify that all medical opinions

24  will be assessed for persuasiveness, primarily focusing on supportability

25

26  (including objective evidence and supporting explanations provided by the source)

27  and consistency with other evidence and opinions.  20 C.F.R. §404.1520c(b)(2).

28  **ORDER DENYING MOTION TO**

**ALTER OR AMEND JUDGMENT-          5**

1  with the medical progress she continued to make until she was able to resume

2  substantial gainful activity in July 2017.  The court did not make a clear error of law.

3

4  **REVERSAL VERSUS REMAND**

5        Finally, the court did not clearly err in reversing for payment of benefits instead

6  of remanding for additional administrative proceedings.  Defendant contends remand

7  for additional proceedings is warranted because Plaintiff's subjective complaints and

8  the opinions of PA-C Turner and therapist Damstedt are "contradicted by Plaintiff's

9  childcare activities during the alleged period of disability . . ., by the opinion of Dr.

10  Nestler, who examined Plaintiff . . ., and by the opinions of three state agency

11  doctors, who also opined that Plaintiff's limitations were only those assessed by the

12  ALJ" in his RFC determination.  For the reasons discussed in its summary judgment

13  order and in this order, the opinions of Dr. Nestler and the state agency evaluators do

14  not hold as much weight as the opinions of PA-C Turner and Ms. Damstedt which the

15  ALJ gave legally insufficient reasons for rejecting.  And Plaintiff's child care

16  activities during the closed period of disability are not contrary to the limitations

17  testified to by Plaintiff and opined by PA-C Turner and Ms. Damstedt.

18        The lack of an explanation for the one year gap in Plaintiff's treatment at the

19  Water's Edge pain clinic is not a compelling basis for a remand in light of all the

20  medical evidence of record and the fact the ALJ made no mention whatsoever of

21  Plaintiff's treatment at the pain clinic, including any gaps in treatment.  (ECF No. 17,

22  n. 2 at pp. 7-8).

23  //

24  //

25  //

26  //

27  //

28

**ORDER DENYING MOTION TO**
**ALTER OR AMEND JUDGMENT-**      **6**

1

## CONCLUSION

2    Defendant's Motion To Alter Or Amend Summary Judgment (ECF No. 19) is

3  **DENIED**.

4    **IT IS SO ORDERED.**   The District Executive shall forward copies of this

5  order to counsel of record.

6    **DATED** this ___3rd___ day of January, 2020.

7

8    *s/Lonny R. Suko*

9    LONNY R. SUKO
     Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING MOTION TO**

**ALTER OR AMEND JUDGMENT-       7**